IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.　　　　　　　　　　　　　　　　　　No. CV 12-0685 JH/LAM
　　　　　　　　　　　　　　　　　　　　CR 09-0871 JH
JOHN LERMA,

        Defendant/Movant.

## ORDER DENYING MOTION FOR WRIT OF MANDAMUS FOR PRODUCTION OF DASH CAMERA

**THIS MATTER** is before the Court on Defendant/Movant's *Writ of Mandamus to 28 U.S.C. § 1651(c) (Doc. 32)*, filed July 29, 2013, in which Defendant/Movant asks the Court to order the Albuquerque Police Department to answer his Freedom of Information Act request to produce a dash camera tape. [*Doc. 32* at 1 and 5]. Having considered the motion, record of this case, and relevant law, the Court **FINDS** that the motion should be **DENIED** for lack of jurisdiction.

Defendant/Movant filed a Notice of Appeal [*Doc. 26*] in this case on May 23, 2013. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Walker v. City of Orem*, 451 F.3d 1139, 1146 (10th Cir. 2006) ("The filing of the notice of appeal was an event of jurisdictional significance, which divested the district court from granting furthe relief concerning the issues on appeal.") (citation omitted). Following the filing of a notice of appeal, "[t]he district court only retains jurisdiction over

tangential matters such as determining the propriety and amount of attorney's fees, . . . and performing certain ministerial functions in aid of the appeal, such as correcting clerical mistakes in the record, approving appeal bonds, and issuing stays or injunctions pending the appeal." *Stewart v. Donges*, 915 F.2d 572, 575 n.3 (10th Cir. 1990) (citations and internal quotation marks omitted). In this case, Defendant/Movant's motion for the dash camera tape does not fall within the narrow category of matters collateral to the appeal as Defendant/Movant states that he needs the evidence for his appeal. *See* [*Doc. 32* at 6]. The Court, therefore, is divested of jurisdiction over Defendant/Movant's motion.

**IT IS THEREFORE ORDERED** that Defendant/Movant's ***Writ of Mandamus to 28 U.S.C. § 1651(c)*** *(Doc. 32)* is **DENIED**.

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**